UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD LOUIE OCHOA,<br><br>    Petitioner,<br><br>v.<br><br>A. CARDENAS, Warden,<br><br>    Respondent. | Case No. 2:19-cv-06686-MWF-KES<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION |

**I.**

**BACKGROUND**

On July 30, 2019, Petitioner Leonard Louie Ochoa ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241.[1] (Dkt. 1 ["Petition"].) Petitioner alleges that the "court clerk misplace probation violation document" and also requests that the Court "expunge the felony case GA084672 to misdemeanor case PA082307."

---

[1] The Court construes this Petition to arise under 28 U.S.C. § 2254, because Petitioner was previously in state custody pursuant to a state conviction. Section 2254 limits the general grant of habeas relief under 28 U.S.C. § 2241 and is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment. Dominguez v. Kernan, 906 F.3d 1127, 1135 (9th Cir. 2018).

1

(Id. at 3.) Plaintiff appears to allege that he was released from state custody in 2017; it is unclear whether he is presently on probation or parole. (Id. at 2.)

Pursuant to its screening authority under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[2] and its obligation to consider sua sponte requirements concerning subject matter jurisdiction, Belgarde v. Montana, 123 F.3d 1210, 1212 (9th Cir. 1997), the Court orders Petitioner to show cause why this action should not be dismissed for lack of jurisdiction.

## II.
## DISCUSSION

### A. Legal Standard.

Under § 2254 "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because the "in custody" requirement of § 2254(a) is jurisdictional, the Court must consider it first. See Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010) (citing Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998)).

Section 2254(a) uses the term "in custody" twice, with two different requirements. Id. The first usage (i.e., that the petition be filed "in behalf of a person in custody") requires that the petitioner is "under the conviction or sentence under attack at the time his petition is filed." Id. at 978-79, 983 n.6 (quoting Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005)). The custody requirement does not require that a prisoner be physically confined, Maleng v. Cook, 490 U.S. 488, 491 (1989), but it does require a "severe restraint" on the

---

[2] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition …."

2

petitioner's liberty, Bailey, 599 F.3d at 980. Thus, for example, a petitioner who is on parole at the time of filing is considered to be in custody, see Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990), as is a petitioner on probation, see Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005). A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of the court's subject matter jurisdiction and his petition is therefore properly denied. See De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990).

The second usage (i.e., that the application may be entertained "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") requires "a nexus between the petitioner's claim and the unlawful nature of the custody." Bailey, 599 F.3d at 979-80. In other words, success on the claim must result in a change in the restraint on the petitioner's liberty. Id. at 980; see also Heck v. Humphrey, 512 U.S. 477, 481-83 (1994) (habeas corpus claims that do not "call into question the lawfulness of the conviction or confinement," or challenge the fact or duration of the petitioner's custody, or "seek immediate or speedier release," are not cognizable under § 2254).

**B.     Analysis.**

In this case, it does not appear that Petitioner is in state custody. Petitioner alleges that he was released from state custody in 2017, and the California Department of Corrections and Rehabilitation Inmate Locator substantiates this allegation. See https://inmatelocator.cdcr.ca.gov/. Plaintiff attaches to the Petition an order from the Los Angeles Superior Court denying his state habeas petition on February 26, 2018; that court found that Petitioner was in actual or constructive custody in case no. GA084672 at that time.[3] (Dkt. 1 at 10.) It is thus unclear

---

[3] The Superior Court also determined that case no. PA082307 was dismissed and is not the basis of Petitioner's custody. (Dkt. 1 at 10.)

whether Petitioner is presently on probation or parole. If not, then the Court lacks subject matter jurisdiction over the Petition on this basis.

Moreover, Petitioner does not allege that he is "in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254. The Petition does not challenge any aspect of Petitioner's conviction; nor does it challenge the length of the sentence imposed for that conviction. Rather, Petitioner alleges that the "court clerk misplace probation violation document" and also requests that the Court "expunge the felony case GA084672 to misdemeanor case PA082307."[4] (Dkt. 1 at 3.) Neither claim appears to arise under federal law; in

---

[4] Although Petitioner's grounds for relief are unclear, they appear to mirror claims brought in earlier habeas petitions (while Petitioner was confined) and civil rights actions. (See Eastern District Case Nos. 1:15-cv-01632 [civil action, suing Sheriff's Department over allegedly mistaken detention], 1:15-cv-01769 [habeas petition challenging confinement in case no. GA084672 as erroneous because judge failed to consider missing transcript pages], 1:16-cv-00299 [same]; Central District Case Nos. 2:15-cv-09769 [civil rights action, alleging the Sheriff's Department mistakenly confined him because three pages were missing from a sentencing transcript], 2:16-cv-02222 [habeas petition, challenging confinement on same basis], 2:16-cv-00864 [civil action, challenging confinement on same basis], 2:16-cv-09282 [civil action, suing judge over mistaken detention], 2:17-cv-00403 [civil action, challenging confinement on same basis], 2:17-cv-06257 [same].)

In those cases, this Court explained to Petitioner: "the Los Angeles County Superior Court sentenced [Petitioner] to four years for the probation violation (case GA084672) and dismissed the misdemeanor (case PA-082307). … [Petitioner] was sentenced to four years in the GA case and ordered 'released' in the PA case due to its dismissal. [Petitioner] was never ordered released in the GA case." (See 2:17-cv-00403, Dkt. 4.)

To the extent Petitioner seeks to raise those same grounds for relief in the instant Petition, his Petition is successive, and he must seek leave to file it from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 153 (2007). Petitioner's failure to secure an order from the Ninth Circuit would also deprive this Court of subject matter jurisdiction. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

fact, the Petition cites California's Proposition 47.  Also, the Petition makes no showing that success on either claim would necessarily shorten his confinement. See, e.g., Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (petitioner did not state federal habeas claim where he sought expungement of rule violation report without showing that success would "necessarily lead to immediate or speedier release").

In sum, because it is unclear whether (1) Petitioner is in custody or on probation/parole, (2) his claims are federal (rather than grounded in state law), (3) his claims would affect the legality/duration of confinement or probation/parole, and (4) his Petition is successive, it appears that this Court lacks subject matter jurisdiction over the action.

## III.
## CONCLUSION

IT IS HEREBY ORDERED that, on or before September 4, 2019, Petitioner shall do one of the following: (1) show cause why the Petition should not be dismissed for lack of subject matter jurisdiction, or (2) submit a notice voluntarily dismissing this action.  The Clerk is directed to provide Petitioner with Form CV-09 for voluntary dismissal.

The Clerk is directed to send a copy of this Order to Petitioner's counsel in his Proposition 47 proceedings, Mark Corti (Cal. Bar No. 224913), at the following address: Los Angeles County Public Defender, 210 W Temple St 19FL, Los Angeles, CA 90012.

DATED: August 06, 2019

_Karen E. Scott_
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

cc: Mark Corti (Cal. Bar No. 224913)
Los Angeles Public Defender
210 W Temple St., 19th Floor
Los Angeles, CA 90012

5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| Plaintiff(s), | |
| v. | |
| Defendant(s). | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____ .

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____          _____
*Date*                    *Signature of Attorney/Party*

*NOTE: **F.R.Civ.P. 41(a):** This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

***F.R.Civ.P. 41(c):** Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*